FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2012 MAR 12  P 3: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

FN HERSTAL, S.A.,                     )
                                      )
                                      )
              Plaintiff,              )   Civil Action No.: 1:12 CV 275
                                      )
                                      )           AJT/IDD
          v.                          )
                                      )
CLYDE ARMORY, INC.,                   )
                                      )
          And                         )
                                      )   **JURY DEMAND**
SAGE INTERNATIONAL, LTD,              )
                                      )
              Defendants.             )

## COMPLAINT

     Plaintiff, FN Herstal, S.A. ("Herstal" or "Plaintiff") for
its complaint against Defendants, Clyde Armory, Inc., ("Clyde")
and Sage International, Ltd. ("Sage") alleges:

### PARTIES

     1.   The Plaintiff, Herstal, is a corporation organized and
existing under the laws of Belguim, with its principal place of
business located at Voie de Liège 33, B-4040 Herstal, Belgium.

     2.   The Defendant, Clyde, is a corporation organized and
existing under the laws of the State of Georgia, with its
principal place of business located at 4800 Atlanta Highway,
Bogart, Georgia 30622.

     3.   The Defendant, Sage, is on information and belief a
corporation organized under the laws of the State of Michigan,

with its principal place of business located at 3391 East
Eberhardt Street, Oscoda, Michigan 48750.

## JURISDICTION AND VENUE

4.    This action is for federal trademark infringement,
dilution and unfair competition involving claims arising under
the Trademark Act of the United States commonly known as the
Lanham Act 15 U.S.C. §§ 1051 et seq. and for state trademark
infringement, injury to business reputation and dilution, and
unfair competition under the laws of the State of Virginia,
involving claims arising under the Trademark Registration and
Protection Act, Virginia Trademark and Service Mark Act §59.1-
92.1 et seq., and the common law.

5.    This Court has subject matter jurisdiction over the
federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15
U.S.C. § 1121, and has subject matter jurisdiction over the state
law claims under 28 U.S.C. §§ 1338(b) and 1332, and since these
claims are joined with substantial and related claims under the
Trademark Laws of the United States.

6.    Venue properly lies within the Virginia District of
pursuant to 28 U.S.C. § 1391(a), (b) and (c) as these causes of
action arise based upon information and belief, as a result of
the Defendants' actions or joint actions in doing and transacting
business in this district, or offering to sell their products or
making their products available or by promoting the infringing
mark to prospective purchasers within this district, and

COMPLAINT

marketing their services and products to prospective purchasers within this District.  Furthermore, a subsidiary of Plaintiff has a facility located in this District.

7.    Plaintiff is a well-known and famous firearms and weapon manufacturer dating back to 1889.  Plaintiff manufactures and distributes a full range of firearms and accessories for defense, law enforcement, hunting, marksmanship and for persons having an interest in acquiring such firearms and accessories. Plaintiff engages in designing, testing, manufacturing, marketing and selling light and portable weapons, integrated weapons systems, ammunition and associated products with many such products in widespread worldwide distribution, often with items particularized for military and law enforcement operations. Plaintiff continues to focus on innovation and product improvements, resulting in products being renowned and used throughout the world. Some of the foremost brands of firearms in the world are trademarks of Plaintiff, including the marks WINCHESTER and BROWNING.

8.    Plaintiff, manufactures, distributes and sells a series of firearms and related items under the trademark SCAR (references to Plaintiff's trademark SCAR will incorporate versions of the mark where the mark SCAR appears as a portion of a trademark and which also incorporates other words, letters, numbers and/or design features).  The Plaintiff has extensively promoted and sold these items under the trademark SCAR in many

COMPLAINT

foreign nations and in the U.S.  Plaintiff has sought to protect

its valuable trademark rights in the trademark SCAR for the items

sold under this trademark and has obtained Federal trademark

registrations duly issued from the United States Patent and

Trademark Office, as well as holding a currently pending

trademark application.  The following registrations were duly

issued to Plaintiff by the United States Patent and Trademark

Office:

| MARK | REGISTRATION NO. | ISSUED | EXHIBIT |
|------|------------------|--------|---------|
| SCAR And Design | 3,801,448 | June 15, 2010 | 1 |
| SCAR | 4,100,728 | February 21, 2012 | 2 |

All of the above registrations are in full force and effect.

Plaintiff holds a further pending trademark application on file

in the United States Patent and Trademark Office, showing the

trademark SCAR, Serial No. 79/053,575, copy attached as Exhibit

3.

9.    By reason of Plaintiff's extensive promotion and sales

of its products under the Plaintiff's trademark SCAR, the

trademark SCAR has acquired great recognition and renown, in the

relevant trade and prospective purchasers have come to recognize

such trademark as signifying Plaintiff.

10.   Notwithstanding the Plaintiff's well-known prior

adoption and established rights in the trademark SCAR, the

Defendant has commenced use of the mark SCAR-STOCK or variations

COMPLAINT

of this brand in connection with firearm related items under the trademark SCAR.  Based upon information and belief these products are manufactured and sold to the Defendant Clyde, by the Defendant Sage.

11.  The Defendants' use of the underlying mark SCAR under the circumstances involved will cause a likelihood of confusion, mistake or deception of a not insignificant number of prospective purchasers into believing that there is some affiliation, association or common source of sponsorship with Plaintiff's trademark SCAR for firearms or gun related items, or with the Plaintiff's products, services or business.

12.  Defendants' use of the mark SCAR-STOCK or variations thereof will cause, and is likely to cause, confusion and mistake with Plaintiff's products and services, disseminated or sold in connection with the Plaintiff's trademark SCAR, or the Plaintiff's business so as to deceive consumers, the trade and others, and thereby constitutes an infringement of the Plaintiff's rights through unfair competition.

13.  Persons familiar with Plaintiff's trademark SCAR and the business of the Plaintiff and/or Plaintiff's products are, on information and belief, likely to be confused, mistaken and/or to be deceived upon seeing Defendants' use of the mark SCAR-STOCK or variations thereof, or are likely to believe that Defendants' business is endorsed by, sponsored by, or emanates from, or in

COMPLAINT

some way is connected with Plaintiff or Plaintiff's business or with the trademark SCAR or variations thereof.

14.  Defendant Clyde has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff in its trademark SCAR with Defendant Clyde continuing to use the trademark SCAR-STOCK after Plaintiff's objections and with Defendant Clyde even filing a trademark application for the mark after receiving Plaintiff's objection to Clyde's continued use of the underlying trademark SCAR-STOCK.

15.  As a result of Defendants' unfair and infringing acts or misappropriations, Plaintiff has been irreparably damaged and, unless Defendants' infringing activities are enjoined, the Plaintiff will continue to suffer irreparable injury and harm to its property and goodwill.

16.  Certain products designed or intended for sale under Defendants' use of the mark SCAR-STOCK and provided under Plaintiff's trademark SCAR, on information and belief, move through similar channels of trade, or be promoted to the same or similar classes of prospective purchasers or end-users, or to the same or similar prospective purchasers.

17.  Use by Defendants of the mark at issue, or variations thereof, is without Plaintiff's consent or permission.

18.  Defendants' use of the mark at issue or variations thereof will, on information and belief, result in damage and in

COMPLAINT

6

the diminishment of sales and the loss of the value of
Plaintiff's trademark SCAR.

19.   Upon information and belief, Defendant Clyde, with
knowledge of Plaintiff's trademark SCAR and in willful disregard
of Plaintiff's rights, is engaging in a deliberate course of
conduct designed to appropriate the goodwill associated with
Plaintiff's SCAR trademark at issue.

20.   Defendants' use of a mark SCAR-STOCK or variations
thereof which is confusingly similar to the Plaintiff's trademark
SCAR will irreparably harm Plaintiff by diminishing the
reputation and goodwill of Plaintiff's trademark SCAR.   The
public association of the trademark SCAR with Plaintiff's
products is so great that the use by another of the mark at issue
under the circumstances at issue for Defendants' products or
proposed products will inevitably cause the trade or consumers to
believe that it is produced, authorized, licensed, or sponsored
by Plaintiff or that it is somehow connected with Plaintiff.

21.   Defendant Clyde has sought to obstruct and harm
Plaintiff's rights to maintain and further obtain trademark
registration rights in the United States Patent and Trademark
Office with Defendant Clyde filing against the trademark
registration for the mark SCAR And Design, Reg. No. 3,801,448, a
Cancellation Proceeding No. 92053562 and filing against the
trademark application for the mark SCAR, Serial No. 79/053,575,
an Opposition Proceeding No. 91198401.   This Court case could

COMPLAINT

fully resolve issues in the underlying trademark registration/application matters pending in the United States Patent and Trademark Office.

22.   Plaintiff will be unable to police the nature and quality of goods sold by Defendants under the problematic mark at issue or of variations thereof.  The sale or prospective sale by Defendants of products or services under the mark SCAR-STOCK or variations thereof, will also blur and diminish the distinctive quality of the Plaintiff's trademark SCAR and lessen its capacity to identify and distinguish the products and services of Plaintiff.

## COUNT I

### (Federal Trademark Infringement)

23.   Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 22 hereof as if set forth in full.

24.   Defendants' unauthorized use in commerce of the mark SCAR-STOCK or related variations thereof with respect to Defendants' products are likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiff's registered trademarks.

25.   Defendant Clyde has used and is continuing to use the trademark SCAR-STOCK and file or attempt to move forward with advancing its trademark application showing the mark, with full knowledge of Plaintiff's prior and extensive rights in the

COMPLAINT

trademark SCAR and with knowledge of Plaintiff's objection to the
Defendant Clyde's use of the mark at issue, and with Defendant
Clyde continuing to use of the mark at issue under such
circumstances, said actions by Defendant Clyde are therefore, on
information and belief, with an intent and purpose to trade upon
the goodwill of Plaintiff's trademark SCAR.

**COUNT II**

**(Unfair Competition Under Federal Law)**

26.  Plaintiff realleges and incorporates herein by this
reference the allegations contained in paragraphs 1-22, 24 and 25
of this Complaint as if set forth in full.

27.  Defendants' unauthorized use in commerce of the mark
SCAR-STOCK constitutes a false designation of origin and a false
or misleading representation of fact that is likely to confuse or
deceive consumers, or cause consumers to believe mistakenly that
Defendants and/or their goods are made or produced and/or its
services offered by Plaintiff or are otherwise affiliated,
connected, or associated with, or sponsored or approved by
Plaintiff and therefore constitutes unfair competition pursuant
to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

28.  Defendants' use in commerce of the mark SCAR-STOCK, in
connection with Defendants' marketing, distribution, promotion
and sale to the consuming public of their products constitutes a
misappropriation of the distinguishing and identifying features
which Plaintiff created through substantial effort and expense,

COMPLAINT

9

thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendants, based on and derived from Plaintiff's trademark SCAR and the goodwill associated therein.

29.  Defendants' use of the trademark SCAR constitutes false representations that Defendants have some connection or association with, or sponsorship by Plaintiff, and that the services and products identified with Plaintiff are available from Defendants.

30.  Said actions of Defendants constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the products that Defendants cause to enter into, or to affect commerce, which may lawfully be regulated by Congress.

31.  Defendant Clyde has used and is continuing to use the trademark SCAR with full knowledge of Plaintiff's trademark rights, and after Plaintiff's objection to the defendant Clyde's continued use of the mark and attempted registration of the mark SCAR-STOCK, and based upon information and belief, said actions by defendant Clyde are with an intent and purpose to trade upon the goodwill of Plaintiff's trademark SCAR or Plaintiff's related marks.  Defendant Clyde's infringement is thus willful and deliberate.

<strong><u>COUNT III</u></strong>

COMPLAINT

**(Dilution Under Federal Law)**

32.  Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1-22, 24-25, and 27-31 hereof as if set forth in full.

33.  The use by Defendants of the mark SCAR-STOCK is likely to dilute the distinctive quality of the Plaintiff's exceptionally well-known and famous trademark SCAR, and therefore constitutes federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(c), as amended by the Federal Trademark Dilution Act of 1995.

34.  Defendants have used and continue to use the mark SCAR-STOCK despite Plaintiff's prior rights and fame of the trademark SCAR and after Plaintiff's objection to use by Plaintiff to Defendant Clyde, so said actions by Defendant Clyde, based upon information and belief, is with a deliberate intent and purpose to trade upon the goodwill of Plaintiff's trademark SCAR or variations thereof or to dilute the distinctive quality thereof, blur and diminish the distinctive quality of the Plaintiff's trademark SCAR and lessen its capacity to identify and distinguish the products of Plaintiff.

## COUNT IV

**(Virginia Trademark Infringement)**

35. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1-22, 24-25, 27-31, and 33-34 hereof, as if fully set forth in full.

36. Defendants' unauthorized use in commerce of the mark SCAR-STOCK or of possible variations of the mark, are likely to result in confusion, deception or mistake and therefore constitutes an infringement of Plaintiff's trademark SCAR pursuant to VA Code §59.1-92.12.

## COUNT V

### (Unfair Competition Under Virginia Common Law)

37. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1-22, 24-25, 27-31, 33-34, and 36 hereof as if set out in full.

38. Defendants' use of the mark SCAR-STOCK or variations of the mark is being done with the intent to palm off products or services as originating from or having the sponsorship, affiliation or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its trademark SCAR. This use has continued in bad faith despite Plaintiff's objections to the trademark application to the Defendant Clyde's mark SCAR-STOCK.

39. Defendant's unauthorized use constitutes the common law tort of unfair competition.

### DEMAND FOR JURY TRIAL

COMPLAINT

40.   Plaintiff requests trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   That Defendants, their respective directors, officers, agents and employees, successors and assigns and all others acting in knowing consort with them, be preliminarily and then permanently restrained and enjoined from:

a.   marketing, advertising, displaying, selling their products with the mark SCAR-STOCK alone or in combination with any word, design or name, or any other mark which incorporates the mark SCAR or a confusingly similar version thereof, including but not limited to the mark identified in Defendant Clyde's pending U.S. trademark application, which is likely to cause confusion, mistake or deception with the trademark SCAR or Plaintiff's related marks;

b.   otherwise infringing the Plaintiff's trademark SCAR or Plaintiff's related marks which incorporate the mark SCAR as a portion of a mark;

c.   engaging in any other or further acts of unfair competition against Plaintiff;

d.   using any trademark or tradename which will be likely to dilute the distinctive quality of Plaintiff's trademark

COMPLAINT

13

SCAR or Plaintiff's related marks or tarnish the business
reputation of Plaintiff;

        e.   engaging in any deceptive trade practices in the
offering of goods or services under the mark at issue or any
other variation or simulation of the trademark SCAR, including
but not limited to the mark identified in Defendant Clyde's
pending U.S. trademark application;

        f.   engaging in any deceptive business practice in the
offering of goods under the designations, mark SCAR or any other
variations or simulations of the Plaintiff's trademark SCAR or
related marks; and

        g.   be ordered to abandon any trademark applications
filed that show SCAR-STOCK or include the designations, names, or
marks SCAR and any confusingly similar variations thereof,
including the mark identified in Defendant Clyde's pending U.S.
trademark application, with the requirement that Defendants not
file further trademark applications for such marks and assign to
Plaintiff any domain names which include such designations, as
well as Defendant Clyde be ordered to dismiss with prejudice its
Cancellation Petition in Cancellation proceedings No. 92053562
against Plaintiff's Registration No. 3,801,448 for the mark SCAR
And Design and its Opposition Petition in Opposition proceedings
No. 91198401 against Plaintiff's mark SCAR Serial No. 79/053,575.

    2.   That Defendant be directed to deliver up for
destruction all labels, signs, prints, packages, wrappers,

COMPLAINT

receptacles, advertisements or other materials in its possession or custody and control which are within the United States of America, its territories and possessions, which display the mark SCAR-STOCK or related marks which show or include the designation, name or mark SCAR, including but not limited to the mark identified in Defendant Clyde's pending U.S. trademark application, Defendant Clyde's pending Cancellation and Opposition proceedings and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

3.    That Plaintiff be awarded the profits secured by Defendants as a result of their unlawful activities, and that said award be trebled as provided by law or in the alternative that Plaintiff be awarded statutory damages in an amount determined by the Court for willful use of an infringing or counterfeit mark.

4.    That Plaintiff be awarded punitive damages in such amount as the Court shall find sufficient to deter Defendants' willful unlawful conduct.

5.    That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees.

6.    That Defendants be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendants' compliance with the Court's order.

COMPLAINT

15

7.   That Plaintiff have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

Respectfully submitted,

YOUNG & THOMPSON

By: _____
Jeffrey R. Snay (VSB No. 73429)
jsnay@young-thompson.com

Douglas V. Rigler (anticipated *Pro Hac Vice* application)
Jeffrey M. Goehring (anticipated *Pro Hac Vice* application)
209 Madison Street
Suite 500
Alexandria, VA 22314
703-521-2297
FAX 703-685-0573

LADAS & Parry LLP

Burton S. Ehrlich (anticipated *Pro Hac Vice* application)
John P. Luther (anticipated *Pro Hac Vice* application)
224 S. Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300

Counsel for Plaintiff FN HERSTAL, S.A.

COMPLAINT